726 So.2d 53 (1998)
STEVEDORING SERVICES OF AMERICA, INC./LOGISTIC SERVICES, INC.
v.
Marina M. KAHN, Director of Finance, City of New Orleans, Department of Finance.
No. 98-CA-0926
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1998.
*54 David R. Cassidy, Avery Lea Griffin, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, for Plaintiffs/Appellants.
Joyce Gerdes Joseph, Deputy City Attorney Deborah L. Wilson, Chief Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, LA, for Defendant/Appellee.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge MIRIAM G. WALTZER.
WALTZER, Judge.

STATEMENT OF THE CASE
Stevedoring Services of America, Inc. (SSA) and its subsidiary, Logistic Services, Inc. (LSI) sued the City of New Orleans and its director of finance to recover ad valorem taxes paid under protest pursuant to La.R.S. 47:2110. The property at issue, consisting of cranes permanently attached to barges (crane-barges) engaged in international trade, is domiciled in the Port of New Orleans.
SSA and LSI moved for summary judgment supported by affidavits seeking to establish the exemption of the property under La. Const. Art. 7, sec. 21(C)(16), which provides:
Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
(C) * * *
(16) ships and oceangoing tugs, towboats, and barges engaged in international trade and domiciled in Louisiana ports. However, this exemption shall not apply to harbor, wharf, shed, and other port dues or to any vessel operated in the coastal trade of the states of the United States.
The City filed a cross motion for summary judgment. On 12 December 1997, judgment was rendered denying SSA's and LSI's motion and granting the City's motion, dismissing plaintiffs' claims; the trial court found that the crane-barges in question are not oceangoing and thus the exemption is not applicable. SSA and LSI took a suspensive appeal from that judgment. We affirm.

STATEMENT OF FACTS
Ryan-Walsh, Inc., an owned subsidiary of SSA and LSI's predecessor in title, received a 1997 Business Personal Property Tax Bill, numbered X-XX-X-XXX-XX covering property located at 3 Nashville Avenue at the Mississippi River and consisting of inventory valued at $1,380, furnishings valued at $1,230 and machinery valued at $532,350. LSI issued its check in the amount of the assessed tax, $86,470.93, payable to the City of New Orleans together with a letter of 31 January 1997 informing the City that the tax was being paid under protest, claiming that a substantial portion of the property is exempt under La. Const. Art. 7 Sec. 21(C)(16).
According to the affidavit of LSI's New Orleans office manager, Sidney Hotard, the property in question consists of four cranes permanently attached to the barges Paddy Ryan, Frank L., Emory B., and Agnes B, domiciled in the Port of New Orleans. The cranes are critical components and appurtenances of the barges and are integrally related *55 to the barges' functions in transferring only international cargo. The cranes in question load and unload cargo destined for foreign ports or coming from foreign ports. Domestic cargo is not transferred between an oceangoing vessel and a barge. The crane-barges's Coast Guard documentations were attached to the affidavit, showing the vessels to be domiciled in a Louisiana port, the Port of New Orleans. Hotard's supplemental affidavit establishes that the barges exclusively transfer international cargo and that the cranes are engaged in this transfer 99% of the time. The economic reason for the transfer of this international cargo to river barges is to avoid higher rail transit costs. His deposition establishes that the cranes are permanently attached to their respective barges. The crane-barges are certified to work within the inland waters of the United States, but not to go beyond the three-mile limit.
The affidavit of Tim Gerspacher, SSA's tax manager, established that a common parent owns LSI and Ryan-Walsh. The crane-barges in question were transferred from Ryan-Walsh to LSI, which assumed the obligation to pay the ad valorem taxes assessed on the crane-barges. Gerspacher confirmed the assessment and payment of the tax under protest. Gerspacher's supplemental affidavit establishes that Category 3 of Ryan Walsh's 1997 Personal Property Report form, a copy of which was attached, includes the Paddy Ryan, Frank L., Emory B. and the Agnes B. Gerspacher testified on deposition that the crane-barges stay on the river and international ships are unloaded using the cranes. The cranes deliver cargo to a river barge for further disposition.
The City submitted the affidavit of assessor Janyce Degan. Degan stated that she issued the subject tax bill based upon a personal property report from Ryan-Walsh from which she was unable to determine the nature, use or specific kind of property taxes. The Degan affidavit states, "To the best of her knowledge, she has not accessed [sic] any barges owned by Ryan-Walsh as exempt from taxation."

STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A. (2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.

FIRST ASSIGNMENT OF ERROR: The trial court erred when it granted the City of New Orleans' motion for summary judgment holding that the barges were not exempt because they were not "oceangoing."
Constitutional exemptions from taxation must be construed strictly in favor of the taxing body, and any plausible doubt is resolved against the taxpayer. Zapata Haynie Corp. v. Larpenter, 583 So.2d 867, 871 (La. App. 1 Cir.), writ denied, 589 So.2d 1071 (La.1991).
*56 There is no doubt from the uncontroverted affidavits submitted in support of SSA's and LSI's motion that the crane-barges satisfy two of the four constitutional criteria for exemption: they are engaged in international trade, and are domiciled in a Louisiana port. Hotard's supplemental affidavit raises some question as to whether the crane-barges are engaged, at least 1% of the time, in the coastal trade of the states of the United States; however, for reasons set forth infra, that issue is not material.
The trial court based its decision to deny the exemption on its finding that the crane-barge is a non-oceangoing vessel, implicitly holding that the term "oceangoing" in the Constitution applies to towboats and barges as well as to tugs.
SSA and LSI contend that the adjective "oceangoing" refers only to tugs, and not to towboats or barges, and in support cite La. Atty. Gen. Op. No. 98-65, 1998 WL 232993 (La.A.G.):
This exemption is carried over from the exemption granted in the Louisiana Constitution of 1921 in Article 10, Section 4(3). As can be gleaned from the above, with specific regard to the issue before us, four requirements must be met to qualify for ad valorem tax exempt status:
(1). The vessel at issue must be either (i) a ship (ii) an oceangoing tug, (iii) a towboat or (iv) a barge;
* * *
With regard to the first requirement, it would appear that the floating crane barges and floating grain elevators constitute "barges" as that term is used in Section 21(C)(16).
However, a careful reading of the constitutional provision leads to two materially conflicting interpretations. The clause in question refers to "ships and oceangoing tugs, towboats, and barges ...". Had the redactors of the Constitution wished to make non-oceangoing towboats and barges exempt from ad valorem taxation, they could have referred clearly to, "ships, towboats, barges and oceangoing tugs." Alternatively, the same result would more clearly obtain had the redactors said, "ships, oceangoing tugs, towboats and barges." The insertion of "and" between "ships" and "oceangoing" creates a plausible inference that "oceangoing" refers to all three of the nouns contained in the phrase that follows the conjunctive "and."
The City's position finds some support in the legislative history, specifically in this colloquy between Rep. Winchester of St. Mary Parish and redactor Moise Dennery:
Mr. Winchester: Mr. Dennery, St. Mary Parish services a lot of offshore installations. They have oceangoing tugs; they have oceangoing barges. What would this do to the assessment of those oceangoing tugs and oceangoing barges that are now on the tax rolls?
Mr. Dennery: Mr. Winchester, I don't think it would do a thing because these four words, or these four classes are followed in the present draft on line 13 with [engaged in international trade].
It would appear from this discussion that the framers of the Louisiana Constitution of 1973 had in mind that the barges affected by the exemption would be oceangoing barges.
Since it is plausible to interpret "oceangoing" in La. Const. Art. 7, sec.21(C)(16) as modifying tugs, towboats and barges, we are compelled by the rule of strict construction to resolve this issue in favor of the taxing authority, in this case, the City.
The City successfully pointed out to the court the absence of factual support for an essential element of SSA's and LSI's claim that the property was covered by the exemption provided in La. Const. Art. 7 Sec. 21(C)(16), that is, that the exemption applies to non-oceangoing barges. Summary judgment rejecting plaintiffs' claim is therefore appropriate. This assignment of error is without merit.

SECOND ASSIGNMENT OF ERROR: The trial court erred when it denied Logistic Services' motion for summary judgment requesting that its barges be declared exempt under Article VII sec. 21(C)(16) of the 1974 Louisiana Constitution because the barges were engaged in international trade while domiciled in a Louisiana port.
For the reasons set forth in our discussion of the first assignment of error, this assignment is without merit.

*57 CONCLUSION AND DECREE
The judgment of the trial court maintaining the motion for summary judgment filed by the City of New Orleans is affirmed. Costs on appeal are assessed against appellants.
AFFIRMED.