PENZATO, J.
*588 Plaintiff, Neeb Service, LLC (Neeb), appeals two judgments: the first granting summary judgment and dismissing Neeb's petition for refund of ad valorem taxes paid under protest, and the second denying Neeb's motion for new trial and taxing it with all costs. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Neeb is the owner of the Captain Jim, a floating crane barge used to transfer cargo between river barges and oceangoing vessels. In December of 2014, Neeb received a 2015 Business Personal Property Tax Bill, numbered 614100097, relating to the Captain Jim, from the City of New Orleans, Bureau of the Treasury. Neeb remitted full payment of the assessed tax, $48,945.14, together with a letter informing the City of New Orleans that it was paying the tax bill under protest pursuant to La. R.S. 47:2134, claiming that the vessel is exempt from ad valorem taxation under La. Const. Art. 7, Sec. 21 (C)(16). Thereafter, Neeb filed this suit against Erroll G. Williams, in his official capacity as the Orleans Parish Assessor (Assessor), to recover the amount paid under protest, plus interest.[1]
Assessor filed a motion for summary judgment, asserting that the Captain Jim does not qualify for the ad valorem tax exemption afforded under La. Const. Art. 7, Sec. 21 (C)(16), as it is not an "oceangoing barge." Neeb opposed the motion. Following a hearing, the trial court signed a judgment on December 21, 2016, granting Assessor's motion for summary judgment and dismissing Neeb's suit with prejudice, with each party to bear its own costs. Neeb filed a request for written reasons and a motion for new trial. Assessor opposed the motion for new trial and filed a motion to impose court costs pursuant to La. R.S. 13:4521. Following a hearing, the trial court signed a judgment on April 10, 2017, denying Neeb's motion for new trial and ordering that Neeb be taxed with the defendants' deferred costs. Neeb appealed both judgments.
ASSIGNMENT OF ERROR
Neeb contends that the trial court erred as a matter of law in ruling that a barge must be "oceangoing" to be exempt from ad valorem taxes under La. Const. Art. 7, Sec. 21 (C)(16). Neeb further contends that this error led the trial court to erroneously grant summary judgment in favor of Assessor, resulting in an illegal tax assessment on Neeb's barge.[2]
*589 LAW AND DISCUSSION
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2).
The burden of proof is on the mover. La. Code Civ. Pro. art. 966D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. Succession of Hickman v. State Through Bd. of Supervisors of Louisiana State Univ. Agric. & Mech. Coll., 2016-1069 (La. App. 1 Cir. 4/12/17), 217 So.3d 1240, 1244.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Reynolds v. Bordelon, 2014-2371 (La. 6/30/15), 172 So.3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Succession of Hickman, 217 So.3d at 1244.
The central issue in this appeal is the proper interpretation of La. Const. Art. 7, Sec. 21 (C)(16), which provides, in pertinent part, as follows:
In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
(C) * * *
(16) ships and oceangoing tugs, towboats, and barges engaged in international trade and domiciled in Louisiana ports. However, this exemption shall not apply to harbor, wharf, shed, and other port dues or to any vessel operated in the coastal trade of the states of the United States.
We will first address Neeb's assertion that the trial court erred in ruling that a barge must be "oceangoing" to be exempt from ad valorem taxes. Neeb contends that the adjective "oceangoing" applies only to its adjacent noun "tugs" and does not also modify "barges". In support of this argument, Neeb relies upon La. Att'y Gen. Op. No. 98-65 (Apr. 9, 1998), 1998 WL 232993, which interpreted La. Const. Art. 7, Sec. 21 (C)(16), as allowing floating crane barges to qualify for ad valorem tax exemption, provided that the following requirements were met:
*590 (1) The vessel at issue must be either (1) a ship (ii) an oceangoing tug, (iii) a towboat or (iv) a barge;
(2). The vessel must be domiciled in a Louisiana port;
(3). The vessel must be engaged in international trade; and
(4). The vessel must not be operated in the coastal trade of the states of the United States.
Id. at *2.'
The Attorney General opinion focused on the third and fourth requirements, i.e., whether the cargo was destined for international or domestic trade. It did not directly address the issue of whether a barge must be oceangoing, other than to list "barge" without the modifier "oceangoing." Moreover, opinions of the Attorney General are not law; they are not controlling on the courts; at most they are persuasive. Kidd v. Bd. of Trustees of Teachers' Ret. Sys. of Louisiana, 294 So.2d 265, 269 (La. App. 1 Cir.), writ denied, 301 So.2d 46 (La. 1974). Thus, we rely on our own interpretation of the language contained in La. Const. Art. 7, Sec. 21 (C)(16).
As a general rule, articles of the constitution are to be construed and interpreted using the same canons of interpretation applicable to statutes and written instruments. Sherwood Forest Country Club v. Litchfield, 2008-0194 (La. 12/19/08), 998 So.2d 56, 61, modified in part on rehearing, 2008-0194 (La. 2/13/09), 6 So.3d 141. The starting point in interpreting any statute is the language of the statute itself. Exxon Pipeline Co. v. Louisiana Public Service Commission, 98-1737, 98-1738 (La. 3/2/99), 728 So.2d 855, 860. In resolving any ambiguity, text is to be interpreted according to the generally prevailing meaning of the words employed. In many cases, the legislative history of an act and contemporaneous circumstances may be helpful guides in ascertaining legislative intent. Id. Exemption provisions are strictly construed against the taxpayer claiming the benefit of an exemption and must be unequivocally and affirmatively established by the taxpayer. The taxpayer's stringent burden is to overcome the judicial maxim that "to doubt is to deny the exemption." Sherwood Forest Country Club, 998 So.2d at 61.
Under generally accepted rules of syntax, an initial modifier "will tend to govern all elements in the series unless it is repeated for each element." The American Heritage Guide to Contemporary Usage and Style p. 343 (Houghton Mifflin Company 2005). In other words, the first adjective in a series of nouns or phrases modifies each noun or phrase in the following series unless another adjective appears. See Lewis v. Jackson Energy Co-op. Corp., 189 S.W.3d 87, 92 (Ky. 2005). As explained by the court in Ward Gen. Ins. Servs., Inc. v. Employers Fire Ins. Co., 114 Cal. App. 4th 548, 554, 7 Cal.Rptr.3d 844, 849 (2003) :
Most readers expect the first adjective in a series of nouns or phrases to modify each noun or phrase in the following series unless-another adjective appears. For example, if a writer were to say, "The orphanage relies on donors in the community to supply the children with used shirts, pants, dresses, and shoes," the reader expects the adjective "used" to modify each element in the series of nouns, "shirts," "pants," "dresses," and "shoes." The reader does not expect the writer to have meant that donors supply "used shirts," but supply "new" articles of the other types of clothing.
However, "there is no hard and fast grammatical rule that states that an adjective preceding a series of nouns modifies all the nouns in the series[.]" Palmer v. Martinez, 45,318 (La. App. 2 Cir. 7/21/10), 42 So.3d 1147, 1152, writs denied, *591 2010-1952, 2010-1953, and 20101955 (La. 11/5/10), 50 So.3d 804, 805. As there are two linguistically conceivable readings of the constitutional provision at issue, this Court has reviewed the records of the Louisiana Constitutional Convention of 1973 to ascertain legislative intent.
The exemption set forth in La. Const. Art. 7, Sec. 21 (C)(16) is carried over from the exemption contained in Article 10, Section 4 of the Louisiana Constitution of 1921. See La. Const. Disp Table. Article 10, Section 4 of the Constitution of 1921, read, in pertinent part, as follows:
The following property, and no other, shall be exempt from
taxation:
* * *
... ships and ocean-going tugs, tow-boats and barges, engaged in over-seas trade and commerce and domiciled in Louisiana ports...
In drafting the Louisiana Constitution of 1974, the committee sought to change the language "ships and ocean-going tugs, tow-boats and barges" to "all oceangoing vessels." During the Louisiana Constitutional Convention of 1973, Mr. Moise Dennery proposed an amendment to revert back to the language contained in the 1921 Constitution. He was questioned as follows:
Mr. Rayburn: Mr. Dennery, is it not so that the committee merely, when they reduced the language that is in the present proposal, that they were just trying to eliminate a few words, and there has been some question? The present language says "all oceangoing vessels," and the committee members felt that that took care of it. But there has been some discussion; so all this amendment does is place back the exact language that's now in the present constitution, word for word, comma for comma, and period for period.
Mr. Dennery: That's exactly my understanding of it, Senator.
Thus it appears that the redactors of the current constitution intended that the phrases "all oceangoing vessels" and "ships and ocean-going tugs, tow-boats and barges" be synonymous. The Louisiana Fourth Circuit Court of Appeal likewise found that the framers of the Louisiana Constitution of 1973 had in mind that the barges affected by the exemption would be oceangoing barges. Stevedoring Services of America, Inc./Logistic Services, Inc. v. Kahn , 98-0926 (La. App. 4 Cir. 12/9/98), 726 So.2d 53, 56.
Accordingly, based upon the language of the statute, as well as the legislative history, we construe the word "oceangoing" to modify all three nouns that follow, namely, "tugs, towboats, and barges." Thus, we find that a barge must be oceangoing to be exempt from ad valorem taxes under La. Const. Art. 7, Sec. 21 (C)(16). This is the same conclusion reached in Kahn , 726 So.2d at 56.
We now address Neeb's assertion that the trial court erroneously granted summary judgment in favor of Assessor. In support of his motion, Assessor submitted Neeb's responses to discovery propounded by Assessor. Neeb admitted that the Captain Jim did not leave the Mississippi River during the 2015 calendar year. Thus, we find that Assessor met his initial burden of pointing out to the court the absence of factual support for an element essential to Neeb's claim, namely that the Captain Jim was an oceangoing barge. Thus, the burden shifted to Neeb to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Assessor was not entitled to summary judgment as a matter of law.
In opposition to the motion for summary judgment, Neeb presented no evidence of the oceangoing status of the Captain Jim.
*592 Rather, Neeb argued that the Captain Jim was not required to be oceangoing in order to be eligible for the ad valorem tax exemption. We have previously determined that a barge must be oceangoing in order to be exempt from ad valorem taxes. Accordingly, following our de novo review of the record, we find that Assessor was entitled to summary judgment dismissing Neeb's petition for refund of ad valorem taxes paid under protest.
CONCLUSION
Since the record demonstrates that there are no genuine issues of material fact and that Assessor is entitled to judgment as a matter of law, the summary judgment was properly granted. Therefore, we affirm the December 21, 2016 judgment of the trial court. All costs of this appeal are to be borne by plaintiff/appellant, Neeb Service, LLC.
AFFIRMED.
HOLDRIDGE, J., concurs.
I respectfully concur. While I agree with the majority's opinion that the constitution exempts "... ocean-going tugs, tow-boats and barges ..." I do not agree that the vessel had to have been physically present in the ocean for some period of time (a second, a minute, a day, a week, a month) for it to be exempt from taxation for the taxable year. To be exempt, the tugs, tow-boats, and barges only have to be capable of being "ocean-going" like a ship. However, in this case, I agree that the plaintiff failed to produce evidence to create a genuine issue of fact that the Captain Jim was an "ocean-going barge" that is, a barge capable of being used in the ocean.

Norman S. Foster, in his official capacity as Chief Financial Officer and Director of Finance of the City of New Orleans, Department of Finance, and the Louisiana Tax Commission, were also named as defendants in the petition but are not involved in the present appeal.

Neeb did not address or brief any alleged error regarding the motion for new trial and/or the imposition of costs. The court may consider as abandoned any assignment of error or issue for review which has not been briefed. See Uniform Rules-Courts of Appeal, Rule 2-12.4(B)(4). We find any appeal pertaining to the denial of the motion for new trial and the imposition of costs abandoned.