NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2018 CA 1634

ERIN AND OWEN C. SKETCHLER, INDIVIDUALLY AND ON BEHALF OF
THEIR MINOR SON, OLIVER SKETCHLER

VERSUS

DANIEL HERNANDEZ, OCTABIO HERNANDEZ, LOUIS C. PAXTON, AUDWIN D. FINLEY,
ADF ENTERPRISES, INC., OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE
COMPANY, NATIONAL GENERAL INSURANCE COMPANY, COOPER INSURANCE &
ASSOCIATES, INC., THE STATE OF LOUISIANA THROUGH THE LOUISIANA
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, GRACO CHILDREN'S
PRODUCTS, INC. & AMERICAN HONDA MOTOR CO., INC.

**SEP 0 4 2020**

Decision Rendered _____

* * * * *

On Appeal from the 21st Judicial District Court
Tangipahoa Parish, Louisiana
No. 2015-0001152, Div. E

The Honorable Brenda Bedsole Ricks, Judge Presiding

* * * * *

Michael C. Darnell
Bruce Feingerts
Edwin R. Murray
Metairie, Louisiana

Attorneys for Plaintiffs/Appellants,
Erin and Owen Sketchler, individually
and on behalf of their minor son,
Oliver Sketchler

Peter M. Donovan
Christopher Lawler
Metairie, Louisiana

Attorneys for Defendants/Appellees,
Louis C. Paxton and National General
Assurance Company

Joseph G. Glass
Geoffrey A. Mitchell
Metairie, Louisiana

Attorneys for Defendant/Appellee,
American Honda Motor Company,
Inc.

Thomas A. Lane
Baton Rouge, Louisiana

Attorney for Defendant/Appellee,
Louisiana State Department of
Transportation and Development

Jerry Saporito
Caitlin Spieker
New Orleans, Louisiana
Stephen M. Copenhaver (Pro Hac Vice)
Chicago, Illinois

Attorneys for Defendant/Appellee,
Graco Children's Products, Inc.

* * * * *

BEFORE: McDONALD, CRAIN,[1] and HOLDRIDGE, JJ.

---

[1] Justice Will Crain is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.

Crain, J. concurs. (by JMM)
Holdridge, J. dissents and will assign reasons, (by JMM)

**McDONALD, J.**

The plaintiffs, Erin and Owen C. Sketchler, individually and on behalf of their minor son, Oliver, appeal a summary judgment in favor of the defendants, Louis C. Paxton, and his insurer, National General Assurance Company, dismissing the plaintiffs' claims against them with prejudice.[2] We amend the judgment and affirm it as amended.

## FACTUAL AND PROCEDURAL HISTORY

This matter arises out of a motor vehicle accident that occurred on April 18, 2014, in Tangipahoa Parish. Daniel Hernandez was traveling westbound in the left lane on Interstate 12 when he allegedly rear-ended a vehicle driven by Mr. Paxton. The Hernandez vehicle then crossed the median and entered the eastbound left lane, whereupon it crashed into the rear of an 18-wheeler driven by Audwin D. Finley. After striking the Finley vehicle, the Hernandez vehicle struck the vehicle driven by Mr. Sketchler and in which Mrs. Sketchler and Oliver Sketchler were passengers. Each member of the Sketchler family was injured in the accident.

The Sketchlers filed suit against multiple defendants, including Mr. Paxton and National General Assurance Company. Ultimately, these defendants filed a motion for summary judgment on the issue of liability, seeking dismissal from the action with prejudice. The plaintiffs opposed the summary judgment, essentially disputing that Mr. Hernandez rear-ended the Paxton vehicle and contending that the Paxton vehicle swerved into Mr. Hernandez's pathway on the shoulder of the interstate, causing the accident.

The trial court held a hearing on the motion for summary judgment. Later, the trial court issued reasons for judgment, finding the plaintiffs did not offer sufficient evidence to show that the accident was not a rear-end collision and that they did not rebut the presumption of fault on the following driver in the accident. The trial court indicated it would grant the defendants' motion for summary judgment and dismiss

---

[2] Although the plaintiffs' petition and the judgment named National General Insurance Company as a defendant, the insurer's correct name is National General Assurance Company.

them from the action upon submission of a proper judgment. On January 19, 2018, the trial court signed the judgment.

The plaintiffs appeal, raising three assignments of error. They contend the trial court erred in granting the defendants' motion for summary judgment, because there were genuine issues of material fact as to the nature and location of the collision between the Paxton and Hernandez vehicles. They alternatively contend the trial court wrongly disregarded their expert's second affidavit by determining that there was an insufficient basis for his opinion without following the procedures set forth in La. C.C.P. art. 1425(F). Lastly, they contend the trial court erred in denying their motion for a new trial. Our resolution of the appeal does not require that we address the assignments of error individually.

## DISCUSSION

An appellate court reviews a summary judgment de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. In conducting this review, we consider the substantive law applicable to the case. *See Neeb Service, LLC v. Foster,* 17-0860 (La. App. 1 Cir. 1/29/18), 242 So.3d 586, 589.

Under La. R.S. 32:81A, a following motorist has a duty not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. Additionally, a motorist also has a duty to maintain a careful lookout, observe any obstructions present, and exercise care to avoid them. *Lawrence v. McKenzie,* 17-1131 (La. App. 1 Cir. 2/21/18), 2018 WL 990304, *8. When the lead vehicle obstructs the following motorist's view ahead, the following motorist has a duty to leave sufficient space between himself and the lead vehicle to stop in case of an unexpected hazard in the road ahead. *Roberts v. Rudzis,* 13-0538 (La. App. 1 Cir. 5/28/14), 146 So.3d 602, 611. As Louisiana courts have uniformly held, a following motorist in a rear-end collision is presumed to have breached his duty and, hence, is presumed negligent. *Lawrence,* 2018 WL 990304 ,*8. A rear-ending motorist, however, may rebut the presumption of

3

negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. A following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid, otherwise known as the sudden emergency doctrine. *Id.*

In this case, the evidence shows Mr. Paxton was traveling at about 60 mph, noticed traffic was building, began to slow his speed, and the Hernandez vehicle struck the Paxton vehicle on the left rear quarter panel. Under La. R.S. 32:81A as applicable here, Mr. Hernandez, as the following motorist is presumed negligent, not Mr. Paxton. *See Lawrence,* 2018 WL 990304, *8. Thus, to defeat summary judgment, the Sketchlers were required to produce factual support sufficient to establish a disputed factual issue as to Mr. Paxton's fault. *See* La. C.C.P. art. 966D. The Sketchlers submitted two affidavits of V.O. "Dean" Tekell, Jr., a registered professional civil engineer specializing in traffic and transportation engineering and accident reconstruction. The Sketchlers argue Mr. Tekell's opinion creates a genuine issue of material fact as to whether Mr. Paxton's actions contributed to the accident in which the Sketchlers were injured. However, even if Mr. Tekell's version of the Paxton/Hernandez collision is admissible and accepted as true, we do not find that his opinion defeats summary judgment. Mr. Tekell's ultimate conclusion in his second affidavit was:

> Mr. Paxton swerved to the left shoulder and median of I-12 West. Mr. Hernandez must steer his vehicle further to the left to make the collision marks that are demonstrated on the Paxton vehicle. Therefore Mr. Paxton's movement to the left is a contributing factor to the loss of control experienced by [Mr.] Hernandez before his vehicle entered the lane of I-12 East.

After a de novo review, we conclude that, even if Mr. Paxton swerved to the left shoulder and median, there are no facts showing he created a sudden emergency that Mr. Hernandez could not avoid. There are no facts showing that Mr. Paxton's swerve was negligent; nor are there facts showing Mr. Paxton's swerve caused Mr. Hernandez to steer his vehicle even further left into the shoulder and/or median, or that Mr. Paxton's swerve caused Mr. Hernandez to lose control of his vehicle, resulting in the Hernandez/Sketchler collision. Thus, the trial court correctly granted summary

4

judgment in favor of the defendants, because Mr. Tekell's affidavits do not create genuine issues of material fact that Mr. Paxton's actions contributed to the accident causing the Sketchlers' injuries.

## CONCLUSION

We affirm the summary judgment in favor of Louis C. Paxton and National General Assurance Company. We amend the judgment to correct the insurer's name to National General Assurance Company. We assess costs of this appeal to Erin and Owen C. Sketchler.

**AMENDED, AND AS AMENDED, AFFIRMED.**

ERIN AND OWEN C. SKETCHLER, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR SON, OLIVER SKETCHLER

VERSUS

DANIEL HERNANDEZ, OCTABIO HERNANDEZ, LOUIS C. PAXTON, AUDWIN D. FINLEY, ADF ENTERPRISES, INC., OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY, NATIONAL GENERAL INSURANCE COMPANY, COOPER INSURANCE & ASSOCIATES, INC., THE STATE OF LOUISIANA THROUGH THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, GRACO CHILDREN'S PRODUCTS, INC. & AMERICAN HONDA MOTOR CO., INC.

NO. 2018 CA 1634

COURT OF APPEAL

FIRST CIRCUIT

STATE OF LOUISIANA

SEP 1 6 2020



**HOLDRIDGE, J., dissents.**

I respectfully dissent from the majority's affirmation of the trial court's judgment granting the defendants' motion for summary judgment. The majority opinion incorrectly applies the substantive law as well as the procedural rules for summary judgment in its opinion. Furthermore, the majority completely ignores the standard established by La. C.C.P. art. 966(A)(3), which states that "a motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law," as well as disregarding the established jurisprudential rules for considering expert testimony in a motion for summary judgment proceeding. See e.g., **Bass v. Disa Global Solutions, Inc.,** 2019-1145 (La. App. 1 Cir. 6/12/20), ____ So.3d ____, ___; **Walker v. City of Independence;** 2018-1739 (La. App. 1 Cir. 2/7/20), ___ So.3d ____, ____; **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.,** 2017-

1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 447, <u>writ denied</u>, 2018-0583 (La. 6/1/18), 243 So.3d 1062 (which all held that the court is statutorily obligated to consider the expert's opinion if it is admissible. "At that point, in determining whether the evidence creates a genuine issue of material fact, the ... court cannot make credibility determinations, evaluate testimony, or otherwise weigh the evidence. The ... court must assume all affiants are credible.") In this case, considering all of the documents filed in support and opposition to the motion for summary judgment, it is without question that there are genuine issues of material fact and the mover is not entitled to a judgment in accordance with the La. C.C. P. art. 966 and the jurisprudence of the First Circuit and this state.

This case involves a collision on the eastbound lane of I-12 in Tangipahoa Parish. The plaintiffs' vehicle was struck by a vehicle driven by Mr. Hernandez which was initially traveling westbound on I-12. The Hernandez vehicle was traveling behind a vehicle driven by Mr. Paxton when both cars left the highway and there was a collision between the Hernandez and Paxton vehicles. The cause and the location of the collision are in dispute.

The majority opinion seems to imply that this is a sudden emergency doctrine case when it holds that "there are no facts showing he (Mr. Paxton) created a sudden emergency that Mr. Hernandez could not avoid." The sudden emergency doctrine is used when the following driver wants to be absolved of any fault in causing an accident with the lead driver and usually wants to bring an action for his damages against the lead driver. <u>See</u>, *e.g.*, **Ebard v. Matlock**, 69 So.3d 516 46,243 (La. App. 2 Cir. 5/18/11), 69 So.3d 516, 521, <u>writ denied</u>, 2011-1272 (La. 9/23/11), 69 So.3d 1164 (explaining the rule of sudden emergency and stating that "[t]he following motorist may also avoid liability by showing that the lead motorist negligently created a hazard which could not be reasonably avoided.") In this case, the plaintiffs are not trying to argue that Mr. Hernandez

should avoid liability or not be found negligent and assigned a percentage of fault. The plaintiffs are arguing that Mr. Paxton was also negligent and may be assigned a percentage of fault by the trier of fact.

This is a negligence case. The plaintiffs are alleging that the actions of both Mr. Paxton and Mr. Hernandez were contributing factors in causing the accident which injured the plaintiffs. Louisiana Civil Code article 2323 states that "[i]n any action for damages … the degree or percentage of fault of all persons causing or contributing to the injury … shall be determined[.]" In Louisiana, the courts have adopted the duty-risk analysis in determining whether to impose liability under general negligence principles. See, e. g., **Lemann v. Essen Lane Daiquiris, Inc.**, 2005-1095 (La. 3/10/06), 923 So.2d 627, 632-33. The issue in this case is whether the documents admitted both in favor of and in opposition to the motion for summary judgment show that there are any genuine issues of fact as to Mr. Paxton's negligence in causing Mr. Hernandez's vehicle to cross the I-12 median and hit the plaintiffs' vehicle.

The first issue is the application of La. R.S. 32:81(A) to this case. Louisiana Revised Statutes 32:81(A) provides that "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." With regard to the following motorist, the law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by La. R.S. 32:81(A) and is therefore liable for the accident. **Harbin v. Ward**, 2013-1620 (La. App. 1 Cir. 5/29/14), 147 So.3d 213, 218. In this case, there is a question of fact as to whether Mr. Hernandez struck Mr. Paxton's vehicle from the rear or whether Mr. Paxton and Mr. Hernandez's vehicles collided in the median. Nevertheless, even if the presumption of La. R.S. 32:81(A) applies,

'[t]he presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown.' In fact, '[n]otwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. '[O]nce the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence apply and, thus, a plaintiff's damages may be reduced by the degree that he was comparatively at fault.''

**Ervin v. Shelter General Ins. Co.**, (M.D. La. 2015), 2015 WL 1757869, at *2 (Footnotes omitted.) (citing in part **Matherne v. Lorraine**, 2003-2369 (La. App. 1 Cir. 9/17/04), 888 So.2d 244, 246, which held that "Louisiana law does not require a following motorist to be completely free from fault before a lead motorist can be found comparatively negligent...."). See also **Flores-Marin v. Osborn**, 2017-0656 (La. App. 1 Cir. 6/30/2017), 2017 WL 2839143, at *1 (unpublished), which states, "Although a legal presumption exists that a following motorist who collides into the rear[-]end of a leading automobile is at fault, the presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown." Similarly, other Louisiana courts have assigned a percentage of fault based on the negligence of the lead driver in suits arising out of rear-end collisions. See **Mart v. Hill**, 505 So.2d 1120, 1123-24 (La. 1987) (finding both the lead and following drivers negligent and apportioning fault); **Boggs v. Voss**, 31,965 (La. App. 2 Cir. 6/16/1999), 741 So.2d 139, 141-42 (affirming the jury verdict finding the lead driver negligent and apportioning 25% of fault to him); **Mustiful v. Strickland**, 1998-1294 (La. App. 3 Cir. 4/7/99), 732 So.2d 741, 744, writ denied, 1999-1245 (La. 6/18/99), 745 So.2d 29 (finding that the trial court erred in disregarding the jury's determination that the lead driver was 25% at fault); **McKinley v. Bekins Moving & Storage Co., Inc.**, 449 So.2d 705, 706 (La. App. 5 Cir.), writ denied, 456 So.2d 167 (La. 1984) (affirming the jury's finding that the lead driver was 10% at fault).

Therefore, the substantive law at issue in this motion for summary judgment is whether there are any disputed facts which would show that the lead driver was in any way negligent in causing the collision. If any reasonable juror or judge could disagree on the issue of Mr. Paxton's negligence, then summary judgment would be inappropriate, and the matter should go to a trial. See, *e.g.*, **Kasem v. State Farm Fire and Casualty Co.,** 2016-0217 (La. App. 1 Cir. 2/10/17), 212 So.3d 6, 20. Since this is a motion for summary judgment, the law established by La. C.C.P. arts. 966 and 967 must be applied to determine if the plaintiffs opposing the motion established that there were any disputed facts which would show that Mr. Paxton was negligent to even the slightest degree so that the trier of fact could apportion any degree of fault to him after the trial on the merits.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria governing the trial court's determination of whether summary judgment is appropriate. **Thompson,** 244 So.3d at 444.

The Code of Civil Procedure places the burden of proof on the party filing a motion for summary judgment. La. C.C.P. art. 966(D)(1). The mover can meet this burden by filing supporting documentary evidence consisting of pleadings, affidavits, depositions, answers to interrogatories, certified medical records, stipulations, and admissions with the motion for summary judgment. La. C.C.P. art. 966(A)(4). The mover's supporting documentary evidence must prove the essential facts necessary to carry the mover's burden. Thus, in deciding a motion

for summary judgment, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material facts issues. **Crockerham v. Louisiana Med. Mut. Ins. Co.**, 2017-1590 (La. App. 1 Cir. 6/21/18), 255 So.3d 604, 608.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1); **Babin v. Winn-Dixie Louisiana. Inc.**, 2000-0078 (La. 6/30/00), 764 So.2d 37, 38; **Hardy v. Bowie**, 1998-2821 (La. 9/8/99), 744 So.2d 606, 609; **Hayes v. Autin**, 1996-287 (La. App. 3 Cir. 12/26/96), 685 So.2d 691, 695, writ denied, 1997-0281 (La. 3/14/97), 690 So.2d 41. The moving party must only point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1); **Celotex Corp. v. Catrett**, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986); see also La. C.C.P. art. 966, Comments--2015, Comment (j). The burden then shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to its opposition, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If the non-moving party fails to produce sufficient factual support in its opposition which proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment. **Babin**, 764 So.2d at 40; **Celotex Corp.**, 477 U.S. at 326, 106 S.Ct. at 2554.

Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. **Daniels v. USAgencies Cas. Ins. Co.**, 2011-1357 (La. App. 1 Cir. 5/3/12), 92 So.3d 1049, 1055. Appellate courts review evidence *de novo* using the same criteria that

govern the trial court's determination of whether summary judgment is appropriate. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1 Cir. 7/18/18), 255 So.3d 16, 22, <u>writ denied</u>, 2018-1397 (La. 12/3/18), 257 So.3d 194.

In this case, we will assume for the purposes of this appeal that in their motion for summary judgment and supporting documents, the defendants sufficiently established that there were no factual disputes and pointed out an absence of factual support for one or more elements essential to the plaintiffs' claim, and that the burden of proof then shifted to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the defendants were not entitled to judgment as a matter of law. <u>See</u> La. C.C.P. art. 966(D). In determining whether the plaintiffs established that there was a genuine issue of material fact, we must consider whether there are any factual disputes which establish a genuine issue of fact, and second, whether the affidavits of Mr. Tekell, the plaintiffs' expert, and the deposition testimony of Mr. and Mrs. Paxton, establish a genuine issue of material fact as to whether Mr. Paxton could be found negligent and allocated fault by the trier of fact.

In support of their motion for summary judgment, the defendants submitted Mr. Paxton's affidavit in which he stated that he was travelling westbound in the left lane of Interstate 12 (I-12) and he was "rear-ended by a 2001 Chevrolet Tahoe ... and my 2005 Chevrolet Uplander was pushed; and its final resting position was in the median." However, Mr. Paxton's affidavit is disputed even by his wife, Mrs. Paxton, a passenger in his vehicle, who stated in her deposition that Mr. Paxton

started to swerve and then left the road. She does not recall being rear-ended. In Mr. Paxton's deposition, which was offered in opposition to the motion, he denied saying he slammed on his brakes immediately before the accident but said after he was hit on the highway, his vehicle was pushed into the median by the collision. He further admitted that the damage to his vehicle was not in the rear but more to the left side than to the rear. Both the depositions of Mr. and Mrs. Paxton create genuine issues of fact because the parties give conflicting accounts as to how the accident between the Paxton and Hernandez vehicles occurred as well as where the accident occurred. In a summary judgment proceeding, all doubt is resolved in favor of the opposing party. **Campbell v. Dolgencorp, LLC**, 2019-0036 (La. App. 1 Cir. 1/9/20), 294 So.3d 522, 530.

In opposition to the motion for summary judgment, the plaintiffs also submitted two affidavits from V.O. "Dean" Tekell, Jr., a registered professional civil engineer specializing in traffic and transportation engineering and accident reconstruction.[1] In Mr. Tekell's second affidavit, he set forth the basis for his accident reconstruction method. He also stated that he had reviewed the accident report, police photographs of the crash scene, and the Paxtons' depositions, and that he inspected the Paxton vehicle in Saucier, Mississippi, on October 18, 2017. Mr. Tekell stated that Mr. Paxton's deposition testimony that he did not slam on his brakes, change lanes, or steer to avoid the end of a traffic queue on the interstate "deviated from the physical evidence found during the vehicle inspection...." Mr. Tekell determined from his inspection of the Paxton vehicle

---

[1] The defendants objected to the affidavits of Mr. Tekell, and the trial court did not accept his affidavits, holding that his "affidavit" was "not sufficient to meet the requirement of an expert opinion for La. C.E. [art.] 702, as the testimony is not based on sufficient facts or data nor is it based on reliable principles and methods. The trial court apparently only held the first affidavit to be inadmissible and did not specifically rule upon the second affidavit. We find the trial court was in error in rejecting the opinion of Mr. Tekell without conducting a La. C.C.P. art. 1425(F) hearing to challenge the methodologies he used in arriving at his conclusions. See **Adolph v. Lighthouse Properties Insurance Corp.**, 2016-1275 (La. App. 1 Cir. 9/8/17), 227 So.3d 316, 320. The majority did not make the same error and accepted the affidavits as admissible summary judgment evidence.

that the collision was not a rear-end collision but "was in fact a side[-]impact collision that engaged the rear quarter panel and bumper on the driver side of the Paxton vehicle." He further opined that the side-impact collision did not redirect the Paxton vehicle into the median, but instead, it was steered there by Mr. Paxton. Based on the vehicle inspection and Mrs. Paxton's deposition testimony that a swerve to the left might have occurred prior to impact, Mr. Tekell stated that the Paxton vehicle attempted to move onto the shoulder and into the median before the collision. According to Mr. Tekell, collision photographs taken by the Hammond Police Department showed debris in the median, and therefore, the physical evidence did not support Mr. Paxton's testimony that the collision occurred in the left lane of I-12 West. Mr. Tekell concluded:

> Mr. Paxton swerved to the left shoulder and median of I-12 West. Mr. Hernandez must steer his vehicle further to the left to make the collision marks that are demonstrated on the Paxton vehicle. Therefore Mr. Paxton's movement to the left is a contributing factor to the loss of control experienced by [Mr.] Hernandez before his vehicle entered the lane of I-12 East.

Mr. Tekell's opinion in his second affidavit was that Mr. Paxton's vehicle's movement to the left was a contributing factor to Mr. Hernandez's loss of control of his vehicle resulting in the collision. This opinion, along with the deposition excerpts the plaintiffs submitted, creates a genuine issue of material fact regarding Mr. Paxton's actions in contributing to the accident and the applicability of the rear-end collision presumption of fault on the following driver. The genuine issues of fact as to whether Mr. Paxton was negligent to some degree in causing the accident with Mr. Hernandez are as follows:

1. Was Mr. Paxton following too closely to the vehicle in front of him so that he could not safely stop his vehicle within his lane on the highway?

2. Was Mr. Paxton aware of both the traffic in front and behind him when he made his maneuver to avoid the vehicle in front of him?

3. Where did the collision between the two vehicles occur, in the westbound lane of I-12 or in the median?

4. Did Mr. Paxton observe that Mr. Hernandez's vehicle had already gone into the median before he pulled into the median?

5. Who initiated the collision?

6. Could any reasonable juror disagree on the facts presented so as to allocate any degree of fault to Mr. Paxton?

Furthermore, does Mr. Tekell's conclusion in his expert affidavit that Mr. Paxton's movement to the left is a contributing factor to the loss of control experienced by Mr. Hernandez before his vehicle entered the eastbound lane of I-12 and collided with the plaintiffs' vehicle create a genuine issue of material fact. In the majority opinion, the author states, "[t]here are no facts showing that ... Mr. Paxton's swerve [notwithstanding that everyone agreed that there was a collision] caused Mr. Hernandez to lose control of his vehicle, resulting in the Hernandez/Sketchler collision." In order to come to this result, the majority must totally not give any credibility to the expert opinion of Mr. Tekell which says the exact opposite of the majority's conclusion. While a trial court may totally disregard the opinion of an expert at the trial on the merits, this is not the rule for appellate courts in deciding a motion for summary judgment upon *de novo* review. In determining whether the expert testimony creates a genuine issue of material fact in a summary judgment proceeding, the trial court cannot make credibility determinations, evaluate testimony, or otherwise weigh the evidence. See, *e.g.*, **Bass**, ___ So.3d at ___; **Thompson**, 244 So.3d at 447. In this case, the majority applied the standard for courts at a trial on the merits instead of properly applying the rules established by the jurisprudence of this Court and other appellate courts when determining summary judgments.

Considering the conflicting affidavit and deposition testimony of Mr. Paxton, the deposition testimony of Mrs. Paxton, and the expert affidavits of Mr. Tekell, the plaintiff has established that there are genuine issues of material fact as to the cause of the accident between the Hernandez and Paxton vehicles, as well as the negligence of Mr. Paxton in causing the accident, that preclude the granting of a motion for summary judgment. The issue of Mr. Paxton's degree of fault must be assigned after a trial on the merits, when the trier of fact is free to accept or reject the expert's opinion, and not on a motion for summary judgment.