CALLOWAY, J.
I ¡.Plaintiff, Sylvia Smith,[2] the duly appointed tutor of the minors, Richard James . Hickman, Jr., Alcibiade Joseph Hickman, and Darlene Monica Hickman, in the Succession of Monica Lynne Boutte Hickman, appeals a judgment rendered by the trial court granting the summary judgment of defendant, the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, d/b/a Earl K. Long Medical Center.[3] For the following reasons, we affirm the trial court.
FACTS AND PROCEDURAL HISTORY
Richard James Hickman, Sr. and Monica Lynn Bouttee Hickman, both currently deceased, had the three minor children named above. Suit was filed on behalf of the minors following the death of their mother against the defendant pursuant to the Malpractice Liability for State Services Act, La. R.S. 40:1237.1, et ser/.[4] Monica Hickman was severely injured in a motor vehicle accident in May of 2010, while she was pregnant with twins. She was initially hospitalized at a Lafayette hospital, transferred to a New Orleans hospital, and subsequently transferred to Earl K. Long Medical Center in Baton Rouge on July 30, 2010. On August 25, 2010, Monica Hickman died at Earl K. Long Medical Center.
IsFoIlowing Monica Hickman’s death, plaintiffs claimed that a forensic pathologist, who performed her autopsy, and the coroner concluded that she died of a mep-eridine overdose while a patient at Earl K. Long Medical Center. A medical review panel convened on December 2, 2014, and issued an opinion that the evidence did not support the conclusion that the defendant failed to meet the appropriate standard of care as charged in the complaint.
Plaintiff filed this medical malpractice suit against defendant on March 2, 2015. The defendant filed a motion for summary judgment on December 16, 2015. After a hearing, the trial court granted defendant’s motion for summary judgment and dismissed the plaintiffs suit. It is from this judgment that plaintiff appeals.
ERRORS
Plaintiff claims that the trial court erred in dismissing her suit because there were genuine issues of material fact and that there was not sufficient summary judgment evidence.
SUMMARY JUDGMENT
Louisiana Code of Civil Procedure article 966(B)(2) provides that summary judgment “shall be rendered forthwith” when “there is no genuine issue as to material facts, and that mover is entitled to judgment as a matter of law.”[5] After adequate *1244 discovery, a motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. arts. 966(B)(2) & (C)(1) (prior to amendment by 2015 |4La. Acts, No. 422).[6] The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2).
The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent’s claim, action, or defense. La. C.C.P. art. 966(C)(2) (prior to amendment by 2015 La. Acts, No. 422).[7] If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2) (prior to amendment by 2015 La. Acts, No. 422). If the nonmov-ing party fails to make this requisite showing, there is no genuine issue of material fact, and summary judgment should be granted. See La. C.C.P. art. 966(C)(2) (pri- or to amendment by 2015 La. Acts, No. 422). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party’s claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. Le-Blanc v. Bouchereau Oil Co., Inc., 2008-2064 (La.App. 1 Cir. 5/8/09), 15 So.3d 152, 155, writ denied, 2009-1624 (La. 10/16/09), 19 So.3d 481.
In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam). Factual inferences reasonably drawn from the evidence must be construed in favor of thejB party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. East Tangipahoa Development Company, LLC v. Bedico Junction, LLC, 2008-1262 (La.App. 1 Cir. 12/23/08), 5 So.3d 238, 243, writ denied, 2009-0166 (La. 3/27/09), 5 So.3d 146. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Pumphrey v. Harris, 2012-0405 (La.App. 1 Cir. 11/2/12), 111 So.3d 86, 89.
EVIDENCE PRESENTED/ANALYSIS
In 1975, the Louisiana Legislature originally approved an extensive statutory *1245 scheme titled the Medical Malpractice Act. La. R.S. 40:1231.1, et seq. (formerly cited as La. R.S. 40:1299.41 prior to 2015 La. Acts, No. 323, § 1) The act requires that a medical malpractice action against a qualified health care provider be submitted before a medical review panel and the panel must issue an expert opinion on the merits of the complaint. Hutchinson v. Patel, 1993-2156 (La. 5/23/94), 637 So.2d 415, 419.
The defendant in this matter is qualified as a healthcare provider under La. R.S. 40:1237.1(A)(9)(a). The plaintiff filed a complaint seeking review of the medical treatment provided to Monica Hickman by defendant. As such, a medical review panel was convened on December 2, 2014, and an opinion issued. The opinion of the medical review panel was that the defendant “did not deviate from the standard of care which is required of health care providers... [t]he dose amount [of meperidine] was adjusted accordingly during [Monica Hickman’s] post-operative care.”
|flThe plaintiffs burden of proof in a medical malpractice claim against the state is defined in La. R.S. 40:1237.1(B)(1) as the standard set forth in La. R.S. 9:2794(A) and requires the plaintiff to prove (1) the applicable standard of care charged to the health care provider; (2) that the health care provider violated the standard of care; and (3) that there was a causal connection between the defendant’s actions and the plaintiffs damages. Kirby v. State of Louisiana ex rel. Louisiana State University Bd. of Sup’rs, 2014-0017 (La.App. 1 Cir. 11/7/14), 174 So.3d 1, 8.
A hospital is bound to exercise the requisite amount of care toward a patient that the particular patient’s condition may require. It is the hospital’s duty to protect the patient from dangers that may result from the patient’s physical or mental incapacity as well as from external circumstances peculiarly within the hospital’s control. Further, a hospital has a duty to provide and maintain adequate facilities and supplies and a competent staff so as to provide competent care to its patients. Kirby, 174 So.3d at 8. In a medical malpractice action against a hospital, the plaintiff must prove, as in any negligence action, that the defendant owed the plaintiff a duty to protect against the risk involved, that the defendant breached that duty, that the plaintiff suffered an injury, and that the defendant’s actions were a substantial cause in fact of the injury. Smith v. State through Dep’t of Health & Human Res. Admin., 523 So.2d 815, 819 (La. 1988). Expert testimony is generally required, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Samaha v. Rail, 2007-1726 (La. 2/26/08), 977 So.2d 880, 884.
The only evidence attached to defendant’s motion for summary judgment was an affidavit of Dr, Daniel Bourque, who served as a member of the medical review panel, with the attached opinion and oaths of the medical review panel. The “expert opinion reached by the state medical review panel shall be admissible |7as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party may call, at his cost, any member of the state medical review panel as a witness.” La. R.S. 40:1237.2. The medical review panel opinion is admissible, expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit. Sam-aba, 977 So.2d at 890.
Defendant submitted evidence showing a lack of factual support for an essential element of plaintiffs negligence claim, i.e., that the defendant breached the applicable standard of care. Plaintiff was then required to come forward with evidence to *1246 support her allegations. Plaintiff initially filed a continuance to the hearing on the motion for summary judgment. Subsequently, without filing an opposition to the motion for summary judgment, plaintiff filed into the record the affidavit of Mark D. Chiasson, a pharmacist, which quotes from the material supplied with the drug meperidine. While the affidavit states the conditions under which meperdine should be used, it does not discuss an applicable standard of care or how the defendant breached any such standard. The affidavit is insufficient for purposes of establishing the requisite medical causation in this case. It does not establish the necessary “temporal link” between the alleged malpractice of the defendant and the injuries allegedly suffered by Monica Hickman. See Miller v. Tulane Univ. Hosp., 2009-1740 (La.App. 4 Cir. 5/12/10), 38 So.3d 1142, 1147.
Plaintiff failed to bring forth any evidence to satisfy her evidentiary burden of proof at trial. Plaintiff relies on Pfiffner v. Correa, 1994-0924 (La. 10/17/94), 643 So.2d 1228, 1234, which stated:
[Ejxpert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under [La. R.S.] 9:2794’s requirements without medical experts, there are instances in which the medical and factual issues are such that a lay jury can perceive |snegligence in the charged physician’s conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof. Even so, the plaintiff must also demonstrate by a preponderance of the evidence a causal nexus between the defendant’s fault and the injury alleged.
As examples of obvious negligence that could be inferred by a lay person, the Pfiffner court cited instances “where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient’s body....” 643 So.2d at 1233. Other examples given by the Pfiffner court include “[f]ailure to attend a patient when the circumstances demonstrate the serious consequences of this failure, and failure of an on-call physician to respond to an emergency when he knows or should know that his presence is necessary....” 643 So.2d at 1234.
Plaintiff argues that Monica Hickman died of a drug overdose caused by the defendant and that the negligence can be inferred without expert assistance. We disagree that this is a case of obvious negligence, which requires no expert testimony to prove the elements of plaintiffs malpractice claim. The medical review panel noted that meperidine was not contraindicated in Monica Hickman’s clinical condition. They also noted that the dose was adjusted and she was monitored for a clinical response and tolerability. Whether the defendant breached the applicable standard of care and whether that breach caused the death of Monica Hickman will turn on complex medical issues that are beyond the province of a lay person to assess without the aid of expert testimony. Therefore, the trial court did not err in granting defendant’s motion for summary judgment.
Plaintiffs second assignment of error addresses the introduction of the evidence by the defendant to support its motion for summary judgment. Plaintiff | ^relies on La. C.C.P. art. 966 (B)(2) (prior *1247 to amendment by 2015 La. Acts, No. 422), which stated:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (Emphasis added).
Plaintiff claims that the defendant did not admit any evidence at the hearing on the motion for summary judgment and that evidence attached to a motion and placed in the record could not be considered unless formally introduced at the hearing. Plaintiff relies on Gutierrez v. State Farm Fire & Cas. Ins. Co., 13-341 (La.App. 5 Cir. 10/30/13), 128 So.3d 509, 511-12, which involved a motion for summary judgment argued on October 29, 2012, and the court relied on the version of La. C.C.P. 966(B) in effect at the time, 2012 La. Acts, No. 257, § 1, and 2012 La. Acts, No. 741, § 1. The statute, which has been amended several times recently, was again amended by 2013 La. Acts, No. 391, § 1, which amended La. C.C.P. art. 966(F)(2) and added La. C.C.P. art. 966(F)(3). Article 966(F)(2), which was in effect at the time of the current motion for summary judgment, stated:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the coürt in its ruling on the motion. (Emphasis added).
Article 966(F)(3) stated:
Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.
There is no opposition memorandum or written motion to strike filed by plaintiff in the record. Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the | inmotion for summary judgment unless excluded in response to an objection made in accordance with La. C.C.P. art. 966(F)(2). Melancon v. Perkins Rowe Assocs. LLC, 2016-0219 (La.App. 1 Cir. 12/14/16), 208 So.3d 925 (unpublished). In this case, the plaintiff did not file a motion to strike or raise the objection in an opposition memorandum pursuant to La. C.C.P. art. 966(F)(3). Therefore, the trial court properly deemed admitted the evidence of defendant attached to its motion for summary judgment accordance with La. C.C.P. art. 966(F)(2). See Melancon, 2016-0129. Furthermore, this court notes that at the hearing of the motion for summary judgment, the defense counsel stated, “I would like to introduce and offer in the record the entire file ...” Therefore, this assignment of error is without merit.
CONCLUSION
For the above and foregoing reasons, the trial court’s April 11, 2016 judgment granting the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, d/b/a Earl K. Long Medical Center’s motion for summary judgment and dismissing the claims of Sylvia Smith, the duly appointed tutor of the minors, Richard James Hickman, Jr., Alcibiade Jo *1248 seph Hickman, and Darlene Monica Hickman, with prejudice, is hereby affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.

. The petition in this matter appears to have been filed by Richard Hickman, the husband of Monica Hickman. However, the petition notes that at the time of filing Richard Hickman was deceased. As Sylvia Smith is the appointed tutor for the minor children, she is the only petitioner. Even though the record and the parties refer to the plural "plaintiffs” at times, this court will refer singularly to the plaintiff, Sylvia Smith, as the representative of the minor children.

. Although suit was initially brought against "The State of Louisiana through the Board of Supervisors of Louisiana State University Agriculture and Mechanical College, LSU Health Science Center, LSU Health Care Services Division, and Earl K. Long Medical Center,” the defendant answered the suit by its proper name, “the State of Louisiana, through the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College d/b/a Earl K. Long Medical Center,” and judgment was rendered accordingly. This court shall refer to the singular defendant.

, Louisiana Revised Statutes 40:1237.1 et seq. was redesignated from La. R.S. 40:1299,39.by 2015 La. Acts, No. 323, § 1.

. Article 966 was amended by 2015 La. Acts, No. 422, § 1, effective January 1, 2016. Sec *1244 tion 2 provides, "The provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act.” As the motion for summary judgment at issue in this matter was filed on December 16, 2015, and was pending as of January 1, 2015, we apply the prior version of Article 966.

. Now La. C.C.P. art 966(A)(3).

. Now La. C.C.P. art. 966(D)(1).