# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 CA 1251

## CHARLES A. RIVAULT, ARTHUR R. LEJEUNE, CLAUDIA J. LEJEUNE, WILLIAM J. GIBSON, and AUDUBON TERRACE RESIDENT HOMEOWNERS ASSOCIATION

## VERSUS

## AMERICA HOMELAND, LLC

Judgment Rendered: **APR 2 6 2021**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 650708

Honorable Trudy M. White, Judge Presiding

\* \* \* \* \* \* \*

Christina B. Peck
Sheri M. Morris
Baton Rouge, Louisiana

Attorneys for Plaintiffs/Appellees,
Charles A. Rivault, Arthur R. Lejeune,
Claudia J. Lejeune, and Audubon
Terrace Resident Homeowners
Association


David M. Cohn
D. Brian Cohn
Bartley P. Bourgeois
Allyson S. Jarreau
Baton Rouge, Louisiana

Attorneys for Defendant/Plaintiff-in-
Reconvention/Appellant,
America Homeland, LLC

\* \* \* \* \* \* \*

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**PENZATO, J.**

America Homeland, LLC ("America Homeland"), appeals the granting of summary judgment and an exception of res judicata and the dismissal of its reconventional demand. For the reasons that follow, we reverse in part, amend, and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

On August 11, 2016, Charles A. Rivault, Arthur R. Lejeune, Claudia J. Lejeune, and the Audubon Terrace Resident Homeowners Association (collectively referred to as "HOA"), filed this suit seeking declaratory and injunctive relief to prohibit and declare that defendant, America Homeland, could not build any structures other than single family residences on the six lots it owns in Audubon Terrace Subdivision (the "Subdivision"), as all the lots located in the subdivision are subject to "written building restrictions established by Terrace Land Co., Inc. and recorded on May 21, 1959 as 0-43, B-4418, of the official records of the Clerk and Recorder for the Parish of East Baton Rouge, State of Louisiana" (the "Restrictions"). According to the facts alleged in the petition, America Homeland purchased the six lots at issue from James and Catherine Olinde, who had previously engaged in litigation regarding the nature and extent of the Restrictions, including an appeal to this court, *Olinde v. Rivault*, 97-2886 (La. App. 1 Cir. 12/28/99) (unpublished opinion), writ denied, 99-0286 (La. 3/26/99), 740 So. 2d 617 (the "*Olinde* lawsuit"), which resulted in a judgment that the six lots at issue were subject to the Restrictions and could only be used for single family residences. After purchasing the six lots, America Homeland successfully sought and obtained a rezoning of the lots by the East Baton Rouge Office of the Planning Commission, which rezoned the lots to "general office low rise," and the HOA alleged that America Homeland intended to build structures other than single-family residences in violation of the Restrictions.

2

America Homeland answered and filed a reconventional demand, asserting that the Restrictions had been abandoned due to the HOA's lack of enforcement thereof. America Homeland noted that numerous violations of the Restrictions had occurred and were occurring in the Subdivision and sought declaratory judgment declaring the Restrictions abandoned.

In response, the HOA filed an exception of res judicata and a motion for summary judgment contending that the judgment rendered in the *Olinde* lawsuit was applicable to America Homeland, and that the Restrictions remained viable and applicable to America Homeland, including specifically those Restrictions prohibiting commercial activity on and limiting land use in the Subdivision to single-family residences.

The matter proceeded to hearing on March 18, 2019, after which the trial court found that the Restrictions were still viable and applicable to the lots owned by America Homeland. The trial court sustained the objection of res judicata, granted summary judgment in favor of the HOA, and dismissed, with prejudice, America Homeland's reconventional demand. Judgment in accordance with the trial court's findings was signed on April 16, 2019.[1] America Homeland appealed. This court dismissed the appeal, finding that the April 16, 2019 judgment lacked sufficient decretal language, and therefore the ruling on which the appeal was based was not a final appealable judgment. *Rivault v. America Homeland, LLC*, 2019-1468 (La. App. 1 Cir. 9/21/20), __ So. 3d __, __, 2020 WL 5627994 *3. Thereafter, on October 14, 2020, the parties filed a joint motion to amend the judgment. The trial court signed an amended judgment on October 16, 2020, from

---

[1] William J. Gibson was also named as a plaintiff in this action. America Homeland filed an exception of no right of action, contending that Mr. Gibson did not own property in the Subdivision. While the record on appeal does not contain a judgment on America Homeland's exception, Mr. Gibson is not included as an exceptor and mover in the exception of res judicata and motion for summary judgment that is the subject of this appeal. However, the judgment included his name in addition to the HOA.

which America Homeland appealed, contending that the trial court erred (1) in finding that there were no genuine issues of material fact, and granting summary judgment despite testimony to the contrary in regard to the Subdivision restrictions being violated and abandoned; and (2) in dismissing its reconventional demand on the principles of res judicata.

## LAW AND DISCUSSION

### *Motion for Summary Judgment*

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).

The burden of proof is on the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. *Succession of Hickman v. State Through Board of Supervisors of Louisiana State University Agricultural and Mechanical College*, 2016-1069 (La. App. 1 Cir. 4/12/17), 217 So. 3d 1240,

4

1244.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Reynolds v. Bordelon*, 2014-2371 (La. 6/30/15), 172 So. 3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Succession of Hickman*, 217 So. 3d at 1244.

The issue in this case is whether the HOA was entitled to summary judgment declaring the continued viability of the Restrictions. Building restrictions are charges imposed in pursuance of a general plan governing building standards, specified uses, and improvements. See La. C.C. art. 775. Building restrictions terminate by abandonment of the whole plan or by a general abandonment of a particular restriction. See La. C.C. art. 782. Generally, the courts will enforce building restrictions imposed upon land according to the intent of the subdividers, provided they are not against public policy and are not abandoned. *East Parker Properties, Inc. v. Pelican Realty Co.*, 335 So. 2d 466, 471 (La. App. 1 Cir.), writ denied, 338 So. 2d 699 (La. 1976). It is not every violation that will lead to abandonment. The court must look to the intention of those imposing and those seeking to continue the building restrictions. Insubstantial, technical or infrequent violations, not subversive of the general plan or scheme, are to be given little effect. *Id.* In deciding whether restrictions have been abandoned, the court must decide what the subdividers intended the plan and scheme of the subdivision to be and then inquire into each alleged violation to determine whether the intended plan and scheme are disrupted. *Id.*

Whether there has been acquiescence in violations of building restrictions sufficient to defeat the enforcement of the restrictions depends upon the

circumstances of each case, and the character and materiality of the permitted violations. See *Guyton v. Yancey*, 240 La. 794, 800, 125 So. 2d 365, 368 (1960). Generally, where there have been frequent and substantial violations of the restrictions without objection, the restrictions are regarded as having been abandoned. *East Parker Properties*, 335 So. 2d at 471. However, for this rule to be applicable, the property owner against whom abandonment is asserted must have known of the alleged violations or have had a duty to know. *Id.* Also, there is no abandonment of subdivision restrictions unless violations have been such that there has been a subversion of the original scheme of the subdividers, resulting in a substantial change in the intended nature of the subdivision. See *Guyton*, 240 La. at 802-03, 125 So. 2d at 368-69; *East Parker Properties*, 335 So. 2d at 471.

The HOA had the initial burden of proof on its motion for summary judgment; however, because it would not bear the burden of proof at trial, it was required to point out to the trial court the absence of factual support for one or more elements of America Homeland's reconventional demand seeking judgment declaring the Restrictions abandoned. See La. C.C.P. art. 966(D)(1). In support of its motion for summary judgment, the HOA filed a copy of the November 29, 2004 cash sale by which America Homeland acquired its property in Audubon Terrace from the Olindes and a copy of the recorded Restrictions. The HOA also filed a copy of the September 24, 1997 trial court judgment in the *Olinde* litigation declaring that the Restrictions established "a general plan of development which limits development and use to only single-family construction and use," as well as this court's opinion affirming that judgment. The HOA submitted a copy of the application whereby America Homeland sought and obtained a rezoning of the lots to "general office low rise." Finally, the HOA attached the affidavits of Mr. Rivault and Mr. Gibson. Mr. Rivault attested that he has been a resident of the Subdivision since 1964; has served, at various times, either as a member of the

6

Board of Directors of the Subdivision's Homeowners Association or as a member of its Architectural Control Committee; and is aware of and familiar with the Restrictions, including those prohibiting commercial activity and limiting construction to single-family residences. He further attested that there have been only two occasions during the period of his residency in the Subdivision in which disputes have arisen over the restrictions prohibiting commercial activity and limiting construction to single-family residences, those being the dispute that was the subject of the *Olinde* litigation and the pending dispute. According to Mr. Rivault, commercial activities have never been allowed or tolerated on any of the lots in the Subdivision subject to the Restrictions, and the restriction prohibiting commercial activity in the Subdivision and limiting construction to single-family residences has always been enforced by the property owners in the Subdivision.

Mr. Gibson attested that he has served as the President of the Subdivision's Homeowners Association since 2016, and based upon his review of the records of the Homeowners Association from its inception in 1986 to the present, he was likewise able to establish only the same two disputes regarding the restrictions prohibiting commercial activity and limiting construction to single-family residences. He further attested that commercial activities have never been allowed or tolerated on any of the lots in the Subdivision subject to the Restrictions, and the restriction prohibiting commercial activity in the Subdivision and limiting construction to single-family residences has always been enforced by the property owners in the Subdivision.

Once the HOA established the continued enforcement of the Restrictions, the burden shifted to America Homeland to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the HOA is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1). America Homeland relies upon the depositions of Mr. Rivault and Mr. Lejeune, arguing that

their deposition testimony creates multiple issues of material fact as to whether the Restrictions have been abandoned.

In his deposition, Mr. Rivault testified that St. George Catholic Church owns lots in the front of the subdivision. According to Mr. Rivault, the church uses one house for a kindergarten and tore down another to use for parking. Mr. Rivault also testified that one house in the Subdivision is being used as a halfway house. According to Mr. Rivault, a neighbor gives guitar lessons out of his house. Counsel for America Homeland attempted to elicit testimony that the neighbor was also repairing guitars out of his house and showed Mr. Rivault a printout showing a Google map of the house and its listing as "The Fret Shack-Guitar Repair," but Mr. Rivault was not aware of this activity. Counsel for America Homeland also sought to elicit testimony that the owner of the house across the street from Mr. Rivault uses his house to perform car repair and maintenance, but Mr. Rivault was not aware of that and stated he had "never seen any car repair over there."

Mr. Lejeune testified that he used to work from his home carving wildlife scenes on gun stocks "mostly...for friends." According to Mr. Lejeune, St. George Catholic Church bought three properties in the Subdivision and uses one for a "little school ...for the little children." Mr. Lejeune was not aware of a halfway house in the Subdivision but believed there was one in a nearby subdivision.

In addition to the printout regarding "The Fret Shack-Guitar Repair," America Homeland filed a printout indicating that a house in the Subdivision is listed with the Louisiana Secretary of State as the principal office address of "Wellmaster Pumps, Inc."[2]

In deciding whether there is a genuine issue of material fact as to the abandonment of the Restrictions, we must decide what the subdividers intended the

_____

[2] In its brief, America Homeland argues that an insurance agent and a Mary Kay Cosmetics salesperson are operating within the Subdivision. However, it has not provided any proof in support of this argument.

plan and scheme of the Subdivision to be and then inquire into each alleged violation to determine whether the intended plan and scheme were disrupted. See *East Parker Properties*, 335 So. 2d at 471. The evidence submitted in connection with the motion for summary judgment documented that the Subdivision contains 79 lots subject to Restrictions that established "a general plan of development which limits development and use to only single-family construction and use." America Homeland introduced evidence of the following alleged violations of the Restrictions:

(1) The use by St. George Catholic Church of a house for a kindergarten;

(2) The demolition of a house by St. George Catholic Church and the use of the lot for parking;

(3) A house that is used for guitar lessons and advertises on the internet as performing guitar repair;

(4) A house that is listed with the Louisiana Secretary of State as a business and appears on Google Maps as performing car repair and maintenance, although there is no evidence that any such car repair is being performed at the location;

(5) A halfway house that may or may not be in the Subdivision; and

(6) The former use by Mr. Lejeune of his home to carve wildlife scenes on gun stocks "mostly...for friends."

America Homeland did not introduce any evidence of construction of anything other than single-family residences. Moreover, we find the alleged commercial activities to be "[i]nsubstantial, technical or infrequent violations, not subversive of the general plan or scheme," and accordingly should be given little effect. See *East Parker Properties*, 335 So. 2d at 471. Both Mr. Rivault and Mr. Gibson attested that the Restrictions have always been enforced by the property owners in the Subdivision, and the HOA has litigated both occasions on which disputes have

9

arisen. Thus, we do not find that America Homeland produced factual support sufficient to establish the existence of a genuine issue of material fact as to the continued viability of the Restrictions and their applicability to the lots owned by America Homeland. Accordingly, summary judgment and the dismissal of America Homeland's reconventional demand is warranted.

### Exception of Res Judicata

The doctrine of res judicata is codified in La. R.S. 13:4231.[3] The chief inquiry with regard to this exception is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. *Alfred v. RPM Pizza, LLC*, 2018-1723 (La. App. 1 Cir. 5/31/19), 278 So. 3d 376, 378-79. However, the Louisiana Supreme Court has also emphasized that the following elements must be satisfied in order for res judicata to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v.*

---

[3] Louisiana Revised Statutes 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

10

*Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053.

In the instant case, in its reconventional demand, America Homeland did not dispute the applicability of the Restrictions to the lots it acquired from the Olindes; rather, it alleged that the Restrictions had been abandoned due to the HOA's lack of enforcement thereof. This cause of action arose as a result of activities that have allegedly been taking place after the judgment in the *Olinde* litigation became final, and therefore did not exist at the time of final judgment in the first litigation. Thus, we find the trial court erred in sustaining the exception of res judicata.

Finally, as noted above, Mr. Gibson was not an exceptor and mover in the exception of res judicata and motion for summary judgment that is the subject of this appeal, and therefore should not have been included in the October 16, 2020 judgment. Thus, the judgment is amended to eliminate his name therefrom.

### CONCLUSION

For the foregoing reasons, the October 16, 2020 judgment is reversed in part, amended, and affirmed as amended. That portion of the judgment sustaining the exception of res judicata is reversed. The judgment is amended to remove reference to William J. Gibson as exceptor and mover. As amended, the judgment granting summary judgment in favor of Charles A. Rivault, Arthur R. Lejeune, Claudia J. Lejeune, and the Audubon Terrace Resident Homeowners Association and dismissing the reconventional demand filed by America Homeland, LLC, is affirmed. Costs of this appeal are assessed one-half to Charles A. Rivault, Arthur R. Lejeune, Claudia J. Lejeune, and the Audubon Terrace Resident Homeowners Association and one-half to America Homeland, LLC.

**REVERSED IN PART; AMENDED; AFFIRMED AS AMENDED.**