STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0890

ANGELIA M. LANDERS AND CABBA'S GRILL, L.L.C.

VERSUS

USIC LOCATING SERVICES, INC. AND SPRINKS CONSTRUCTION, INC.

**Judgment Rendered:   APR 2 6 2021**

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C664399

Honorable Timothy Kelley, Judge Presiding

* * * * * *

| | |
|---|---|
| Willie G. Johnson<br>Derek E. Elsey<br>Jennifer O. Robinson<br>Sophia Riley<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant<br>Angelia M. Landers |
| Thomas Bourgeois     .<br>G. Trippe Hawthorne<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>USIC Locating Services, Inc. |
| Morgan J. Well<br>Evan J. Godofsky<br>Metairie, LA | Counsel for Defendant/Appellee<br>Spinks Construction, Inc. |
| Dominique Lang<br>Baton Rouge, LA | Counsel for Plaintiff<br>Cabba's Grill, L.L.C. |

* * * * * *

BEFORE:  GUIDRY, McCLENDON, AND LANIER, JJ.

**GUIDRY, J.**

The plaintiff/appellant, Angelia M. Landers, appeals from a summary judgment granted in favor of the defendant/appellee, USIC Locating Services, Inc. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Angelia M. Landers was the owner of Cabba's Grill, L.L.C. From April 17, 2014 to April 26, 2014, Ms. Landers claims that Cabba's Grill lost telephone and internet services (the outage) provided by AT&T. Ms. Landers further claims that the outage was caused when USIC Locating Services, Inc. and Spinks Construction, Inc. negligently severed and "mislocated" the phone lines.

On April 16, 2015, Ms. Landers and Cabba's Grill ("the plaintiffs") filed a petition for damages against USIC and Spinks Construction in Zachary City Court.[1] In the petition, the plaintiffs claimed that the outage was due to the negligence of the defendants, and that as a result of the outage, they were "entitled to payment of its losses from [defendants]."

On July 18, 2017, at the request of Cabba's Grill, this matter was transferred to the Nineteenth Judicial District Court. As plead by the plaintiff, "[d]ue to the damages that the Plaintiff has incurred and may incur, specifically in regard to future expenses, the value and/or exposure in this case exceeds the jurisdiction [of the Zachary City Court]."

Thereafter, on April 24, 2019, USIC filed a "motion to dismiss and alternative combined motion *in limine* and motion for summary judgment." In its motion for summary judgment, USIC argued that the plaintiffs could not prove the causal element of their negligence claim. Following a hearing, the trial court took the matter under advisement, and rendered judgment on May 28, 2019, granting

---

[1] Both defendants filed answers to the petition. Subsequently, on April 30, 2019, the claims against defendant, Spinks Construction, were dismissed.

2

USIC's motion for summary judgment and dismissing the plaintiffs' claims with prejudice.[2] This appeal ensued with Ms. Landers, individually, contending the trial court erred in granting the defendant's motion for summary judgment.[3]

## DISCUSSION

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Succession of Hickman v. State through Board of Supervisors of Louisiana State University Agricultural and Mechanical College, 16-1069, p. 5 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1240, 1244.

---

[2] The judgment was rendered and signed by Judge Pro Tempore, Max N. Tobias.

[3] Cabba's Grill's appeal to this court was dismissed for failure to pay estimated appeal costs.

Further, the duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under La. C.C. art. 2315. Lemann v. Essen Lane Daiquiris, Inc., 05-1095, p. 7 (La. 3/10/06), 923 So. 2d 627, 632-633. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (or the defendant owed a duty of care to the plaintiff) (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (or breached the requisite duty) (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the harm or the plaintiff's injuries (the cause-in-fact element); (4) the risk of harm was within the scope of protection afforded by the duty breached (the scope of the duty, scope of protection or legal cause element); and (5) actual damages (damages element). See Bellanger v. Webre, 10-0720, p. 8 (La. App. 1st Cir. 5/6/11), 65 So. 3d 201, 207, writ denied, 11-1171 (La. 9/16/11), 69 So. 3d 1149. A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Bellanger, 10-0720 at p. 8, 65 So. 3d at 207.

In the matter before us, USIC sought summary judgment, contending that its alleged actions were neither a cause-in-fact nor a legal cause of Ms. Landers' claimed inj es. In support of its motion for summary judgment, USIC filed a number of documents including the plaintiffs' petition for damages, the plaintiffs' motion to transfer, a motion to compel discovery responses, plaintiffs' answers to interrogatories, and the deposition of Angelia Landers and Cabba's Grill.

USIC's summary judgment evidence shows that as a result of the April 17, 2014 to April 26, 2014 telephone and internet outage, Ms. Landers sought the following in damages: "The amount I want to be compensated for is the amount I lost during this whole time. I never was able to generate myself payroll which at the minimum of $40k a year would be $200k. Amount borrowed is $185k. This

4

isn't counting the amount of loss from my P & L statements. If that is the annual that estimation is $150k. I have lost my business, my home is on the verge of being lost, my car was repossessed and not counting the amount of NSF's, sales taxes that I am behind on or the amount of stress and heartache endured trying to cope as a single mom during this time." Ms. Landers further asserted that her "loss of business or other damages" resulting from the outage included Chapter 13 bankruptcy, the seizure of the funds from her checking account by the Internal Revenue Service, and unpaid debts and obligations owed to The Zachary Post Feliciana Explorer, ATG Credit, L.L.C., City of Zachary, Louisiana Workforce Commission, and Corporate Collection Services, to name a few.

When questioned during her deposition about exhibit 7, which shows the business' weekly sales during the month of April 2014, Ms. Landers agreed that the outage "didn't really per se affect the sales itself." Ms. Landers explained that as a result of the outage she was not able to immediately transfer credit card sales into her bank account, which interrupted her "cash flow" and "severed everything."[4] According to Ms. Landers not being able to deposit daily sales into her bank account "[m]ade it hard because I wasn't getting my financial revenue into my bank, so that affected my payroll, ongoing expenses moving forward, not having access to my funds that were coming." Ms. Landers went on to state that because nothing was being transferred to her bank account, "everything that was outstanding was steady compiling," which was detrimental. She agreed that had she started the business with more money available to her, she probably would not be in the same predicament. Ms. Landers also testified that she would not have

---

[4] Ms. Landers testified that she was able to transfer credit card sales to her bank account approximately eleven days after the outage.

5

any outstanding debt but for the April 2014 outage, and would still be in business but for the outage.[5]

In opposition to the summary judgment, Ms. Landers and Cabba's Grill argued that the pleadings contained a factual dispute on both the elements of causation and damages. Attached to the plaintiffs' opposition were answers to supplemental interrogatories and a chart detailing weekly business sales for the months of March, April, and May 2014, exhibit 7. The interrogatories, as described above, show that Ms. Landers claimed personal financial losses and unpaid personal and/or business debts as her damages. The chart of weekly sales shows what appears to be a decrease in sales during the week of April 14, 2014 to April 21, 2014. We note that the opposition does not contain any bank account statements, profit and loss statements, tax returns, notices of bills due, or any other documents to provide a showing of Ms. Landers' loss.[6]

**Legal Cause/Scope of Duty**

Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty. Roberts v. Benoit, 605 So. 2d 1032, 1044 (La. 1991). As explained in Todd v. State through Department of Social Services, 96-3090, p. 6 (La. 9/9/97), 699 So. 2d 35, 38, legal cause demands an inquiry into whether a legal standard of care exists and requires delving into policies for and against extending the asserted legal standard of care to protect the particular plaintiff against the particular harm. The extent of protection owed to a particular plaintiff is determined on a case-by-case basis to avoid making a

---

[5] Cabba's Grill closed in December 2017.

[6] Our review on summary judgment is limited to Ms. Landers' individual claims, as the appeal of Cabba's Grill was dismissed.

defendant an insurer of all persons against all harms. Todd, 96-3090 at p. 7, 699 So. 2d at 39.

In determining the limitation to be placed on liability for a defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to the plaintiff can be associated with the duty sought to be enforced. Faucheaux v. Terrebonne Consolidated Government, 615 So. 2d 289, 294 (La. 1993). Thus, a risk may be found not within the scope of a duty where the circumstances of that injury to the plaintiff could not reasonably be foreseen or anticipated, because there was no ease of association between the risk of injury and the legal duty. Lazard v. Foti, 02-2888, p. 6 (La. 10/21/03), 859 So. 2d 656, 661.

Further, a finding of legal causation "requires a proximate relation between the actions of a defendant and the harm which occurs and such relation must be substantial in character." Roberts, 605 So. 2d at 1056. Because substandard conduct does not render the actor liable for all consequences spiraling outward, until the end of time, the concept of proximate cause, or one of its functional equivalents, such as scope of the duty in duty-risk analysis, is necessary to truncate liability at some point. Roberts, 605 So. 2d at 1052.

The determination of legal cause involves a purely legal question. Todd, 96-3090 at pp. 6-7, 699 So. 2d at 39. For the purpose of a legal cause determination, we can assume a breach of duty which is the cause-in-fact of the plaintiff's damages. Perkins v. Entergy Corporation, 98-2081, p. 31 (La. App. 1st Cir. 12/28/99), 756 So. 2d 388, 410.

In this case, we have thoroughly reviewed the evidence submitted by the parties in connection with defendant's motion for summary judgment, and conclude that the risk of harm to Ms. Landers did not fall within the scope of the duty owed by the defendant, USIC. Ms. Landers claims that the business' April 17, 2014 to April 26, 2014 telephone and internet outage, and specifically the fact

7

that she was not able to immediately transfer credit sales, affected her cash flow and bank account balance such that she was unable to pay herself from the business, unable to keep up with her personal and business obligations, and forced to go out of business in December 2017.

On the issue of legal cause, simply put, we do not find that the circumstances of this particular injury to the plaintiff could have been reasonably foreseen or anticipated. USIC could not have foreseen that the internet outage would result in the downstream harm alleged to have been caused to Ms. Landers' personal financial circumstances.

While we recognize that USIC had a duty not to severe the business' phone line, we must note that the focus of the record financial documentary evidence links the outage to the business' losses, rather than Ms. Landers' personal or individual losses. Moreover, the April 2014 outage is too far removed from Ms. Landers' claimed personal damages, which apparently compounded over time, at least through December 2017, to be considered a proximate cause. As stated by this court in Paul v. Louisiana State Employees' Group Benefit Program, 99-0897, p. 10 (La. App. 1st Cir. 5/12/00), 762 So. 2d 136, 143: Whether phrased in terms of scope of duty or legal cause or proximate cause, it can be useful to consider whether "too much else has intervened—time, space, people, and bizarreness." Here, we find that there is too much time, and even more so, too much space, between the harm that materialized and the defendant's conduct.

In sum, we find no ease of association between the risk of the personal financial loss and compounding debt encountered by Ms. Landers and the duty to secure the business' phone line. The relationship between the outage and Ms. Landers' subsequent financial circumstance is too attenuated to support a finding of legal cause. We therefore find no merit in the plaintiff's assertion that the trial court erred in granting the defendant's motion for summary judgment.

8

## CONCLUSION

For the above and foregoing reasons, the May 28, 2019 summary judgment granted in favor of USIC Locating Services, Inc., dismissing the plaintiff's claim, is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Angelia M. Landers.

**AFFIRMED.**